1  Richard A. Smith, Esq. (SBN 062835)
2  **LAWYERS FOR ADA RIGHTS**
   3111 Camino Del Rio N. Suite 400
3  (619) 541-3922
   Asmith@ada-laws.com
4
5  Attorney for Plaintiff
   Vern Robert Theroux Jr.
6
7
8  ### UNITED STATES DISTRICT COURT
9  ### SOUTHERN DISTRICT OF CALIFORNIA

10  VERN ROBERT THEROUX JR., an individual;

11                  Plaintiff,
12          v.
13  BRIGHT HILL INVESTMENTS, LLC a California Limited Liability Company; and
14  Does 1-10, inclusive

15                  Defendants.
16
17

Case No. **'20 CV 0465 W     BLM**

**Complaint for Damages and Injunctive Relief for Violations of:**
Americans with Disabilities Act;
Unruh Civil Rights Act

Judge: _____

Date Action filed: _____

18
19       Plaintiff Vern Robert Theroux Jr., complains of Defendant Bright Hill Investments,
20  LLC, a California Limited Liability Company; and Does 1-10 ("Defendants"), and alleges
    as follows:
21  **INTRODUCTION:**
22       Comes now Plaintiff VERN ROBERT THEROUX JR. ("THEROUX") who
23  complains and alleges as follows:
24       1.   Plaintiff is mobility impaired and requires full and equal access to the goods,
25  services and facilities provided by Defendants. BRIGHT HILL INVESTMENTS, LLC
26  ("BRIGHT HILL") maintains its facility as Medical Office Building and is therefore
27  considered a business establishment.
28

2.    The business establishment is operated by, controlled by, or acting at the direction of Defendants directly, or through contractual, licensing, or other arrangements, for the purposes described herein, in such a way that it contains access barriers preventing Plaintiff, and other mobility-impaired individuals, from gaining full and equal access to its products and services.  Defendants denial of full and equal access to its products and services is a violation of the rights of Plaintiff under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., ("ADA") and the California Unruh Civil Rights Act, California *Civil Code* sections 51, *et seq.*, ("Unruh Act").

3.    The California Legislature provided a clear and statewide mandate for the elimination of discrimination against individuals with disabilities when it enacted Unruh Civil Rights Act, *Civil Code* sections 51, *et seq.*  Discrimination sought to be eliminated by the Unruh Act includes barriers to full integration, independent living and equal opportunity for individuals with disabilities, which then necessarily includes barriers created by places of public accommodation that are inaccessible.

4.    Each of Defendants' violations of Title III of Americans With Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, 28 CFR § 36.302(e)(1), *et seq.* ("ADA") is likewise a violation of the Unruh Act.  Indeed, the Unruh Act provides that any violation of the ADA constitutes a violation of the Unruh Act. Cal.Civ.Code § 51(f) (the ADA and Unruh Act are referred to herein collectively as "Disability Access Laws").

5.    For more than 27 years, the Disability Access Laws have required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by places where the public patronize.

6.    Eventually, in response to many complaints received by the Department of Justice, Civil Rights Division ("DOJ"), the DOJ took action, issuing its Notice of Proposed Rulemaking, 73 FR 34508 (June 17, 2008) ("NPRM").

7.    As a result of Defendants' violation of law, and to correct them, Plaintiff seeks statutory damages where available, injunctive relief and attorneys' fees establishing that

Defendants have engaged in violations of the Disability Access Laws and requiring Defendants to comply with the Unruh Act by providing individuals with disabilities the ability to independently use public accommodations in the same manner as individuals who do not need assistance to benefit from the services offered by Defendants.

**PARTIES:**

8.    Plaintiff is a San Diego County, California resident.  Plaintiff is substantially limited in performing one or more major life activities, including but not limited to walking, standing, ambulating, sitting and grasping objects. As a result of these disabilities, Plaintiff relies upon mobility devices to ambulate. At the time of Plaintiff's attempt to visit the business of Defendants, Plaintiff suffered from a "qualified disability" under the Americans with Disabilities Act ("ADA"). 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§36.101 et seq.

9.    As a result of Plaintiff's disability he requires ADA-compliant access to the business of Defendants to utilize the goods, services and facilities provided by Defendants.

10.  Plaintiff is a tester in this litigation and a consumer who wishes to access Defendants good and services.  Plaintiff is being deterred from patronizing Defendants business establishment on particular occasions, but intends to return for the purpose of availing himself of the goods and services offered to the public and to ensure that Defendants cease evading its responsibilities under federal and state law.

11.  On information and belief, Defendant BRIGHT HILL is a California Limited Liability Company with its principal place of business located at 215 S Hickory St., Escondido, CA 92025.

12.  On information and belief, BRIGHT HILL is registered to do business in the State of California, has designated an agent for service of process in the State of California, and has a Medical Office Building located in the State of California and specifically in this district.

13.   On information and belief, Defendant BRIGHT HILL owned and operated a business establishment at or about 215 S Hickory St., Escondido, CA 92025 in January 2020.

14.   On information and belief, Defendant BRIGHT HILL currently owns and operates a business establishment at or about 215 S Hickory St., Escondido, CA 92025.

15.   Plaintiff does not know the true names of Doe Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of and alleges a joint venture and common enterprise by all such Defendants.  Plaintiff is informed and believes that each of the Doe Defendants herein, including Does 1 through 10, inclusive, are responsible for obtaining appropriate relief.  Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

16.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA of 1990, 42 U.S.C. § 12101, et seq.

17.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the American with Disabilities Act.

18.   Venue is proper in this court pursuant to 28.U.S.C. § 1391(b) and is founded on the fact that the real property, which is the subject of this action, is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

19.   Plaintiff went to visit Defendants in January 2020, at 215 S. Hickory St. Escondido, CA 92025, with the intention to avail himself of its therapeutic services.

20.  Defendants are a facility open to the public, a place of public accommodation, and a business establishment required to abide by the ADA.

21.  The curb ramps and hazardous vehicle ways did not have truncated domes (a detectable warning surface) as required by the Americans with Disabilities Act Accessibility Guidelines.

22.  Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the business.

23.  Unfortunately, on the dates of the plaintiff's visits, the defendants failed to provide accessible parking.

24.  Specifically, there was no cross-hatching from the parking space to the front door as required by the Americans with Disabilities Act Accessibility Guidelines.

25.  In addition, Defendants parking lot is severely cracked severely hampering any attempt by Plaintiff accessing the facility's services.

26.  Elevators are one of the facilities, privileges, and advantages offered by Defendants to patrons of the business.

27.  Unfortunately, on the dates of the plaintiff's visits, the defendants failed to provide accessible elevators.

28.  Specifically, Defendants elevator entrance was not 36 inches in width as required by the ADA.

29.  Plaintiff personally encountered these barriers.

30.  This inaccessible facility denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

31.  Plaintiff plans to return and patronize Defendants but is deterred from visiting until the defendants remove the barriers.

32.  The barriers identified above are easily removed without much difficulty or expense.  They are the types of barriers identified by the Department of Justice as presumably readily-achievable to remove and, in fact, these barriers are readily-achievable

to remove.  Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

33.  For example, there are numerous paint/stripe companies that will come and paint the correct dimensions of a parking stall, stripe a parking stall and access aisle, and install proper signage on rapid notice, with very modest expense, sometimes as low as $300 in full compliance with federal and state access standards.

34.  Plaintiff is deterred from returning and patronizing Defendants because of his knowledge of the barriers that exist.  Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize Defendants as a customer once the barriers are removed.

35.  Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability.  Plaintiff will amend the complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection.  However, please be on notice that the Plaintiff seeks to have all barriers related to his disability remedied.  See *Doran v.* 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

I.   **FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

36.  Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein the allegations contained in all prior paragraphs of this complaint.

37.  Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or

operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are defined by reference to the ADA Accessibility Guidelines, found at 28 C.F.R., Part 36, Appendix "D."

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 121883(a)(2).

38.  A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

39.  When a business provides parking for its customers, it must provide accessible parking.

40.  Here, the failure to provide accessible parking is a violation of the law.

41.  Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

42.  Here, the failure to provide accessible elevators is a violation of the law.

43. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

44. Given its location and options, Plaintiff will continue to desire to patronize Defendants but he has been and will continue to be discriminated against due to the lack of accessible facilities, and therefore, seeks injunctive relief to remove the barriers.

**II.    SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

45. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

46. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

47. Defendant's acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

48. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the Plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

49. Although the Plaintiff was markedly frustrated by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the Plaintiff does not value this very modest physical personal injury greater than the amount of the statutory damages.

**PRAYER FOR RELIEF:**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1.     For injunctive relief, compelling Defendants to comply with the ADA and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2.     Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3.     An additional award of $ 4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir*, 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016).

4.     Reasonable attorneys' fees, litigation expenses and costs of suit, with interest pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated:        March 11, 2020                    LAWYERS FOR ADA RIGHTS

By: _____
           Richard A. Smith, Esq.
           Attorney for Plaintiff